IN THE UNITED STATES DISTRICT COURT
FOR THE NORTH DISTIRCT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NICLOS JOSEPH, )<br>)<br>PLAINTIFF, )<br>)<br>v. )<br>)<br>TOWNE AIR FREIGHT, LLC, )<br>)<br>DEFENDANT. )<br>_____ ) | CIVIL ACTION NO.:<br><br>**JURY TRIAL REQUESTED** |

**COLLECTIVE ACTION COMPLAINT**

NOW COMES, Plaintiff, Nicolas Joseph, for himself and all those similarly situated, and hereby file this action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201 et seq. (hereinafter "FLSA"), seeking payment for unpaid wages, overtime wages, and liquidated damages for Defendant's violation of the FLSA. Plaintiff further seeks reasonable attorneys' fees, costs and interest pursuant to 29 U.S.C. §216(b). Plaintiff state the following as his Collective Action Complaint in this matter:

## I.     JURISDICTION AND VENUE

1.

Jurisdiction is conferred upon this Court by 29 U.S.C. §216(b) of the Fair Labor Standards Act, by 29 U.S.C. §1331, this action arising under the laws of the United States, and by 28 U.S.C. §1337, this action arising under an act of Congress regulating commerce.

2.

Venue in this Court is proper pursuant to 28 U.S.C. §1391(b).

3.

Based upon Plaintiff's information and belief, Defendant, Towne Air Freight, LLC, is a Foreign Limited Liability Corporation registered in the State of Indiana, with a principal place of business of 24805 US Highway 20, South Bend Indiana 46628-5911.

4.

Towne Air Freight, LLC conducts business at 350 International Parkway, Suite C, Hapeville, Georgia 30354, which falls within the jurisdiction of this court.

5.

Service of process for Towne Air Freight, LLC can be effectuated through its registered agent C T Corporation System, 1201 Peachtree Street, NE, Atlanta Georgia 30361.

6.

The cause of action set forth in this Complaint arose within this jurisdiction.

## II. PARTIES

7.

The Plaintiff, Nicolas Joseph, is an adult resident citizen of Fulton County, Georgia.

8.

At all times relevant to this Complaint, Plaintiff was "covered employees" as defined by 29 U.S.C. §203(e)(1).

9.

At all times relevant, Defendant employed the Plaintiff to perform labor for its benefit in this District, and Defendant made employment and compensation related decisions regarding the Plaintiff.

10.

At all times relevant hereto, Plaintiff suffered and/or were permitted to work for the benefit of the Defendant.

11.

Defendant lists its principal office address as 24805 US Highway 20, South Bend Indiana 46628-5911.  Upon information and belief, Defendant is a foreign Limited Liability Corporation conducting business within the State of Georgia and within this district.

12.

Defendant's business is described as an airfreight, trucking company and a motor freight carrier that transporting goods throughout the United States, Canada and Mexico.  The Defendant lists multiple locations throughout the United States, including a location in Atlanta, Georgia.

13.

Defendant is engaged in interstate commerce for purposes of the FLSA.

14.

Upon information and belief, Defendant's gross sales are in excess of $500,000 per year.

15.

Defendant directed Plaintiff, and directs its other similarly situated employees to individually engage in interstate commerce.

16.

Plaintiff, and other similarly situated employees, as part of their job duties, regularly engage in interstate commerce.

17.

Defendant is an employer within the meaning of 29 U.S.C. §203(d) and is not exempt from the FLSA.

## III.  FACTUAL ALLEGATIONS

18.

Plaintiff, Niclos Joseph, is an adult resident of the State of Georgia. Plaintiff was employed by Defendant from in or around 2010 through the present.

19.

Plaintiff and other similarly situated employees were compensated on an hourly basis by the Defendant. As an hourly employee, Plaintiff and other similarly situated employees were entitled to full pay for each hour worked and overtime for any time worked over forty (40) hours per week.

20.

Plaintiff was employed in positions that involved interstate commerce as defined by the FLSA and/or employed in an enterprise engaged in interstate commerce.

21.

Upon information and belief, Defendant classified Plaintiff and other similarly situated employees as hourly nonexempt employees, compensating them on an hourly basis.

22.

Plaintiff was compensated at an hourly rate of $10.80, and paid on a weekly basis.

23.

Defendant required Plaintiff and other similarly situated employees to submit the hours suffered by utilizing a time card, which tracked the hours worked each day.

24.

Plaintiff and other similarly situated employees routinely worked in excess of forty (40) hours per week, and submitted this time to Defendant for compensation.

25.

During Plaintiff's employment with the Defendant as hourly employee, Defendant failed to fully compensate Plaintiff for all overtime hours worked.

26.

Defendant willfully failed to compensate Plaintiff, and other similarly situated employees, by paying only straight time for hours worked in excess of forty (40) hours.

27.

Defendant has willfully failed to comply with the overtime provisions of the FLSA, 29 U.S.C. §207, specifically, by failing to pay Plaintiff and other similarly situated employees at the premium overtime rate for each hour over forty (40) hours they worked per week.

28.

Defendant has willfully failed to comply with the minimum wage provisions of the FLSA, 29 U.S.C. §207, specifically, by failing to pay Plaintiff, and others similarly situated for all hours worked.

29.

Defendant has failed to keep accurate time records for the Plaintiffs, and other similarly situated employees, in conformity with the FLSA.

30.

Defendant failed to properly post the Department of Labor wage and hour notices in conspicuous places as required by 29 C.F.R. §516.4.

31.

Defendant knowingly, intentionally, willfully and recklessly failed to pay the Plaintiff, and other similarly situated employees, in conformity with the requirements of the FLSA.

32.

This action is brought to recover unpaid compensation, in the form of wages, for hourly employees who performed work involving interstate commerce and/or work for an enterprise engaged in interstate commerce without being paid for it

and/or without being paid the premium for hours worked in excess of forty (40) per week.

33.

Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has had a uniform policy and practice of consistently failing or refusing to fully compensate its employees for all time worked, including not receiving the overtime premium.

34.

For at least three (3) years, Defendant has been aware of the requirements of the FLSA, the Department of Labor's regulations, and its own violations of the FLSA. Despite this knowledge, Defendant failed to pay its employees the amount of pay as required by law.

35.

Upon information and belief, Defendant has intentionally and repeatedly manipulated its records, or otherwise failed to keep accurate records, to reflect its employees were working less hours then actually worked.

36.

As a result of these actions, Defendant fraudulently concealed the true hours worked by its employees and the applicable statute of limitations is tolled for as long as Defendant engaged or engages in the fraudulent and misleading conduct set forth above, which is a period of at least seven (7) years.  Defendant is estopped from raising such statute of limitations as a bar to full recovery.

37.

There are numerous similarly situated hourly employees and former hourly employees of Defendant who have been improperly compensated in violation of the FLSA, and would likewise benefit from the issuance of Court Supervised Notice of this case as well as an opportunity to join the present case.

38.

As a result of the Defendant's violation of the FLSA, Plaintiff, as well as other similarly situated employees, have suffered damages by failing to receive compensation due in accordance with the FLSA.

39.

Plaintiff, and all similarly situated employees, are entitled to the amount of unpaid wages and are also entitled to recover an additional equal amount as liquidated damages pursuant to the FLSA and prejudgment interest.

40.

Defendant has not made a good faith effort to comply with the FLSA.

41.

Plaintiff, and other similarly situated employees, are entitled to an award of attorneys' fees under the FLSA.

42.

Plaintiff has no plain, adequate or complete remedy to redress the allegation contained herein and this suit for lost wages, back-pay, and declaratory judgment and injunctive relief is the only avenue to secure adequate relief.

43.

The current hourly employees employed by the Defendant will continue to suffer irreparable injury from Defendant's unlawful and willful conduct unless enjoined by this Court.

## IV. COUNT ONE: COLLECTIVE ACTION CLAIMS FOR VIOLATIONS OF THE FLSA - FAILURE TO PAY OVERTIME

44.

Plaintiff incorporates by reference paragraphs 1 – 43 as if full set forth herein.

45.

The Defendant has willfully failed to fully compensate Plaintiff, and other similarly situated hourly employees, for overtime hours worked during their employment at the premium rate.

46.

Defendant, by such failure, has willfully violated the minimum wage provisions of the FLSA.

47.

Defendant has failed to keep adequate records of all time worked by the Plaintiff.

48.

Defendant, by such failures, has willfully violated the overtime provisions of the FLSA.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter judgment in favor for:

A. Payment of all wages Plaintiff should have received under the FLSA, but for Defendant's willful violation;

B. Payment of an equal amount of liquidated damages and interest pursuant to the FLSA;

C. Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled; and

D. All reasonable costs and attorneys' fees pursuant to the FLSA.

**V.  COUNT TWO:  COLLECTIVE ACTION CLAIMS FOR VIOLATIONS OF THE FLSA**

49.

Plaintiff incorporates by reference paragraphs 1 – 48 as if fully set forth herein.

50.

Plaintiff brings this action for violations of the FLSA as a collective action pursuant to 29 U.S.C. §216(b), on behalf of himself and all present and former

non-exempt employees of the Defendant, who worked within the past three (3) years prior to the filing of this complaint.

51.

Plaintiff, and those employees similarly situated, worked at Defendant's Atlanta based location, and are subjected to the same unlawful and willful wage policies and practices that are the subject of this complaint.

52.

Upon information and belief, the Defendant subjected all the similarly situated employees to the same unlawful and willful wage policies and practices in all locations throughout the United States.

53.

Plaintiff and all those employees similarly situated have substantially similar job duties, similar pay provisions, are all subjected to similar managerial oversight, and are all subject to the same widespread pattern and practice of unlawful wage policies and procedures.

54.

Upon information and belief, there are numerous similarly situated current and former employees of the Defendant who were not compensated for all hours

worked and were not paid the overtime premium for those hours in excess of forty (40) per week as set forth in this Complaint.

55.

The similarly situated employees are known to Defendant and are readily identifiable from the Defendant's employee records.

56.

There exists a common question of law and fact with regard to Plaintiff and all similarly situated current and former employees. Those issues include but are not limited to:

    a. Whether the Defendant failed to pay overtime wages to its employees when working more than forty (40) hours in a week.

    b. Whether the Defendant failed to pay regular wages to its employees when working more that forty (40) hours in a week.

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, in accordance with 29 U.S.C. §216(b), pray for the following relief:

    A. At the earliest time, Plaintiff be allowed to give notice, or that the Court issue such Notice to all Defendant's hourly employees in all locations during

the three (3) years preceding the filing of this action, to all potential Plaintiffs who may be similarly situated informing them of this action, the nature of this action, and inform them of their right to opt-in to this lawsuit if the employee or former employee worked overtime but was not paid in accordance with the FLSA;

B.  Plaintiff, and all other potential Plaintiffs, be awarded damages in the amount of each Plaintiffs' respective unpaid compensation and benefits, plus an equal amount of liquidated damages pursuant to the FLSA;

C.  An award of Plaintiff's and all other potential Plaintiffs' reasonable attorney's fees, costs and expenses; and

D.  Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled.

## JURY DEMAND

Plaintiffs request a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 26st day of March, 2013.

                The Vaughn Law Firm, LLC

                s/Christopher D. Vaughn
                Christopher D. Vaughn
                Georgia Bar No. 726226
                A. Brian Henson
                Georgia Bar No. 747269

246 Sycamore Street
Suite 150
Decatur, Georgia 30030
phone: 404-378-1290
facsimile: 404-378-1295