UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NICLOS JOSEPH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:13-cv-00969-TWT |
| ) | |
| TOWNE AIR FREIGHT, LLC, ) | |
| ) | |
| Defendant. ) | |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AND STIPULATION OF JUDGMENT DISMISSING CASE, WITH PREJUDICE**

Plaintiff, Niclos Joseph ("Joseph"), and Defendant, Towne Air Freight, Inc. ("Towne Air"), by and through their undersigned counsel and pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, hereby move this Court for an Order approving the Settlement Agreement ("Agreement") reached between the parties and entering a stipulation of judgment dismissing this case, with prejudice.

The parties jointly request that the Court approve this Agreement, in which Joseph has agreed to waive claims under the Fair Labor Standards Act ("FLSA"). 29 U.S.C. § 216 *et. seq.* A copy of the Agreement is attached hereto as *Exhibit A*. The parties seek Court approval of the Agreement. *See* 29 U.S.C. § 216(c); *see also Lynn's Food Stores v. United Sates,* 679 F.2d 1350, 1351 (11th Cir. 1982).

# I.

# BACKGROUND

Joseph brought this action alleging a violation of the FLSA and seeking unpaid overtime compensation and liquidated damages associated with his employment with Towne Air as a Dockworker.  On May 1, 2013, Towne Air answered the Complaint and denied any liability or wrongdoing because of, among other things, its affirmative defense that Joseph was exempt from the payment of overtime as a Loader under the Motor Carrier Exemption as set forth in 29 U.S.C. § 213(b)(1).  In order to avoid continued costs and the uncertainty of litigation, and to wrap-up all remaining issues, the parties have negotiated a settlement in this matter.  Towne Air does not admit liability, and Joseph does not admit a lack of liability.  As such, and with disputed issues of fact involved, both parties faced risks if litigation continued.

# II.

# ARGUMENT

## A.

### Legal Standard

In considering the parties' Motion, the Court is required to "determine[ ] that a settlement proposed by an employer and employee[ ], in a suit brought by the employee[ ] under the FLSA, is a fair and reasonable resolution of a bona fide

dispute over an FLSA provision." *Lynn's Food Stores*, 679 F.2d at 1355. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354; *see also Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 539 (5th Cir. 1977). "[T]he district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores*, 679 F.2d at 1353 (citing *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 113 n.8 (1946)).

When considering a motion to approve an FLSA settlement agreement, courts weigh a number of factors, including: "(1) the existence of fraud or collusion behind the settlement: (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel." *Dail v. George A. Arab Inc.*, 391 F. Supp. 2d 1142, 1145-46 (M.D. Fla. 2005) (citing *Leverso v. Lieberman*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). In weighing these factors, "the Court should keep in mind the 'strong presumption' in favor of finding a settlement fair." *Id.* at 1146 (citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)).

**B.**

**The Parties' Settlement Agreement Should Be Approved**

**1.**

**The FLSA Settlement Amount**

As explained above, Joseph alleges he was not paid for overtime hours worked as required by the FLSA. Towne Air maintains that Joseph and other Loaders are exempt from the payment of overtime pursuant to the Motor Carrier Exemption set forth in 29 U.S.C. § 213(b)(1). Towne Air contends that Joseph was responsible for loading freight onto trailers that were moving in interstate commerce. More specifically, Joseph was responsible for the proper placement and securement of this freight to ensure that the Company's trucks operated safety on the roads and highways. Towne Air believes its classification of Joseph as an exempt employee was in conformity with the regulatory guidelines under the FLSA. *See* 29 C.F.R. § 782.5

There is no evidence of fraud or collusion in the settlement. As a result of the settlement, Joseph will receive: (a) $4,000 in alleged backpay; (b) $4,000 in alleged liquidated damages; and (c) $1,500 in attorney fees for a total settlement amount of $9,500 payable to Plaintiff. Thus, there is very little, if any, incentive for Joseph to proceed to trial in this case, especially in light of the risks associated with trial and the defenses being asserted by Towne Air. Analysis of "the amount

4

of the settlement in relation to the potential recovery" weighs heavily in favor of the Court approving the settlement.

Counsel for both parties are experienced attorneys who practice in this area of law, and they represent that this settlement is a fair and reasonable compromise of Joseph's claims in this case. Although Joseph and his counsel believe the claims asserted in this case have merit, they recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the litigation against Towne Air through trial and, if they were successful, through possible appeals. In addition, Joseph and his counsel also recognize and acknowledge the uncertain outcome and risk of any litigation, the difficulties and delays inherent in such litigation, and the likelihood of protracted appellate review. As a consequence, Joseph's counsel believes that the settlement reached confers benefit upon Joseph commensurate to the risk of litigation, and that the settlement is fair, reasonable, adequate, in accordance with the law, and in the best interest of Joseph.

Similarly, although Towne Air and its counsel believe the claims asserted in this action lack merit and that Towne Air acted in good faith in classifying Joseph as a Loader exempt under the Motor Carrier Exemption, it nonetheless believes that further litigation with respect to Joseph would be protracted, expensive, and contrary to Towne Air's best interests.

Both parties further agree that the legal fees awarded to Joseph's attorney in the Agreement are fair and reasonable. "The FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wrong employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).

In calculating an award of attorney fees the Court must use the lodestar method and determine the number of hours reasonably expended on a case multiplied by a reasonable hourly rate. *See Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F. Supp. 2d 1259, 1264 (M.D. Fla. 2008). The Agreement provides that Towne Air will pay to Joseph's counsel $1.500 for attorney fees and litigation expenses related to his FLSA claim. Such amount was agreed to separately and without regard to the amount settled upon for Joseph's FLSA claim. Counsel avers there is no reason to believe Joseph's recovery was adversely affected by the amount of attorney fees agreed upon by the parties and the proposed award of attorney fees and costs in this case is more than fair and reasonable.

## 2.

## **The General Release Settlement Amount**

The parties have separately negotiated and agreed upon a mutual release of claims against one another.  As separately set forth in the Settlement Agreement, Towne Air has agreed to pay Joseph the gross amount of $4,000 for a general release.  While this portion of the Settlement Agreement does not require Court approval, the parties wanted the Court to have a complete understanding of the settlement that has been reached.

## III.

## **CONCLUSION**

For the reasons set forth above, the parties respectfully request that this Court approve the Settlement Agreement in this matter, which was reached at arms-length and has been voluntarily executed by both parties.  The parties further respectfully request that, should the Court approve the Settlement Agreement, it also enter an order in the form of the Agreed Order attached hereto as Exhibit B, dismissing this action with prejudice.

                              Respectfully submitted,

/s/ Christopher D. Vaughn         /s/ David D. Robinson
Christopher D. Vaughn            David D. Robinson
The Vaughn Law Firm             Scopelitis, Garvin, Light, Hanson
246 Sycamore Street, Suite 150    & Feary, P.C.
Decatur, GA 30030                  10 West Market Street, Suite 1500
                                    Indianapolis, IN 46204

/s/ Frank DeMelfi
DeMelfi Law Group
4651 Woodstock Road, No. 208-103
Roswell, GA 30075

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 18, 2013, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Mr. Christopher D. Vaughn
Mr. A. Brian Henson
cvaughn@thevaughnlawfirm.com
bhenson@thevaughnlawfirm.com
The Vaughn Law Firm
246 Sycamore Street, Suite 150
Decatur, GA 30030

Frank DeMelfi
fdemlfi@gmail.com
DeMelfi Law Group
4651 Woodstock Road, No. 208-103
Roswell, GA 30075

/s/ David D. Robinson
David D. Robinson

David D. Robinson
dorbinson@scopelitis.com
Scopelitis, Garvin, Light, Hanson & Feary, P.C.
10 West Market Street, Suite 1500
Indianapolis, IN 46204
(317) 637-1777
Fax (317) 687-2414

Brent M. Estes
Dennis, Corry, Porter & Smith, L.L.P.
3535 Piedmont Road, NE
14 Piedmont Center, Suite 900
Atlanta, Georgia 30305
Phone: (404)365-0102
gbs@dcplaw.com
Fax (404)365-0134

4825-3730-4341, v. 1